**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01000-CMA-CBS

SALOMON JUAN MARCOS VILLARREAL,

    Petitioner,

v.

UNITED STATES,

    Respondent.

---

**ORDER ADOPTING AND AFFIRMING NOVEMBER 28, 2011
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case was referred to United States Magistrate Judge Craig B. Shaffer pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Doc. # 4.) On November 28, 2011, the Magistrate Judge issued a Recommendation (Doc. # 29) concerning the Government's July 22, 2011 "Motion for Summary Judgment with Respect to Petition to Quash a Summons Served on American National Bank and Motion for Enforcement of IRS Summons" (Doc. # 13). The Magistrate Judge recommended that the motion be granted. (Doc. # 29 at 15.) Petitioner timely filed objections to the Recommendation on December 12, 2011 (Doc. # 30), to which the Government responded on December 27, 2011 (Doc. # 31).

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge "determine de novo any part of

the magistrate judge's [recommended] disposition that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Accordingly, the Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Recommendation, Petitioner's objections to the Recommendation, and the Government's response thereto. For the reasons discussed below, the Court adopts and affirms the Magistrate Judge's Recommendation.[1]

## I. ANALYSIS

Petitioner's objections stem from his principal assertions that "the IRS lacked good faith in issuing a summons based on a request from the Mexican tax authority ("SAT") that the IRS knew contained misleading and/or false information, and . . . SAT was barred from seeking this information in Mexico, and, therefore, the applicable treaty blocks an end-run around Mexican law by seeking the information in the United States." (Doc. # 30 at 2.) Specifically, Petitioner contends (1) that the Magistrate Judge misconstrued the applicable legal standard and (2) that the IRS summons should not be enforced because of evidence he offers. (*Id.* at 5, 7.) The Court will address these objections in turn.

---

[1] The pertinent facts of this case are detailed in the Recommendation (Doc. # 29 at 2-8); the Court will address them here only to the extent necessary to rule on Petitioner's objections.

**A.     APPLICABLE LEGAL STANDARD**

To have a summons enforced, "the IRS must demonstrate that it issued the summons in good faith . . . ." *Barquero v. United States*, 18 F.3d 1311, 1316 (5th Cir. 1994). A *prima facie* showing of good faith can be made by demonstrating that "the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS'] possession, and that the administrative steps required by the [Internal Revenue] Code have been followed." *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (quoting *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). This burden is "a slight one because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted." *Id.* It is generally met "by affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Garden State Nat. Bank*, 607 F.2d 61, 68 (3d Cir. 1979).

If the government meets this slight burden, "[t]he burden then shifts to the taxpayer[]." *Balanced Fin. Mgmt.*, 769 F.2d at 1444. With the taxpayer, however, "[t]he burden is a heavy one." *Id.* In the Tenth Circuit,

> The taxpayer must establish any defense or prove that enforcement would constitute an abuse of the court's process. He must prove a lack of good faith, that the government has abandoned in the institutional sense its pursuit of possible civil penalties. The taxpayer must do more than just produce evidence that would call into question the Government's *prima facie* case. The burden of proof in these contested areas rests squarely on the taxpayer.
>
> [. . .]

3

> In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations supporting a 'bad faith' defense are insufficient if conclusionary. If at this stage the taxpayer cannot refute the government's *prima facie Powell* showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceeding on the papers before it and without an evidentiary hearing.
>
> [. . .]
>
> It is only where material Government allegations are factually refuted by the taxpayer, thus presenting a disputed factual issue, or where proper affirmative defenses . . . are factually supported by the taxpayer's affidavits, [that] the taxpayer is entitled to an evidentiary hearing.

*Id.* at 1444-45 (quotation marks, citations, and lacuna omitted). If these requirements are not met, then "an evidentiary hearing would be a waste of judicial time and resources." *Id.* at 1445 (quotation marks and citation omitted).

In the instant case, the Magistrate Judge determined that the Government met its burden and that "Petitioner has not made a sufficient showing to suggest the possibility of bad faith on the part of the IRS." (Doc. # 29 at 14.) Accordingly, the Magistrate Judge denied Petitioner's request for an evidentiary hearing. (*Id.*) The Court agrees with the Magistrate Judge's conclusions and the reasons he gave in support of them; they are incorporated by reference here. As such, and as mentioned previously, the Court will only address *de novo* those aspects of the Recommendation to which Petitioner properly objected.

In his objections, Petitioner first asserts that "the Recommendation misconstrues the applicable standard . . . ." (Doc. # 30 at 5 (capitalization partially deleted).) He cites

*United States v. McCarthy*, 514 F.2d 368, 375 (3d Cir. 1975), for the proposition that "even 'thin' allegations of bad faith by a Petitioner entitle him to an evidentiary hearing." (Doc. # 30 at 4-5.)  Petitioner argues that, contrary to statements made by the Magistrate Judge, he "need not 'rebut' [the Government's] claims nor 'establish' his own in his initial petition to be entitled to relief." (*Id.* at 6.)  The Court is not persuaded by Petitioner's objection.

As an initial matter, the Court notes that Petitioner does not dispute that *Balanced Financial Management* is binding precedent on this Court.  In fact, he has cited to it frequently to support his arguments.  (*See generally* Doc. ## 1, 16, and 30.)  The Magistrate Judge discussed *Balanced Financial Management* explicitly during the October 11, 2011 motion hearing (Doc. # 32) and relied on it in his Recommendation (*see generally* Doc. # 29).  Further, and as indicated above, under *Balanced Financial Management*, the taxpayer is not entitled to an evidentiary hearing unless the "material Government allegations are factually **refuted** by [him]." *Balanced Fin. Mgmt.*, 769 F.2d at 1445 (emphasis added).  Petitioner does not suggest, nor is the Court inclined to believe, that "rebut" and "refute" have substantially different meanings.  If anything, the latter may present a higher threshold. *See, e.g.*, *People v. Muniz*, 622 P.2d 100, 102 (Colo. App. 1980) ("To rebut means to 'contradict, meet, or oppose by argument, plea or countervailing proof. [. . .]  To refute means to 'prove to be false or erroneous.'" (quoting Webster's Second New International Dictionary 2075, 2096)).  Additionally, the principle articulated by the Magistrate Judge – that it was Petitioner's burden to

"establish bad faith on the part of the IRS" (Doc. # 29 at 13) – correctly reflects the law. Factually refuting the Government's allegations, which is necessary to merit an evidentiary hearing, requires more than just producing "evidence that would call into question the Government's *prima facie* case." *Balanced Fin. Mgmt., Inc.*, 769 F.2d at 1444. Instead, the taxpayer "must prove" – *i.e.*, establish – "a lack of good faith." *Id.* *See also Resurrection Min. Co. v. Roberts*, 259 P.2d 275, 277 (Colo. 1953) ("[t]he word 'establish' means 'prove'"). Finally, to the extent that the Third Circuit might maintain a different standard, as suggested by Petitioner's reading of *McCarthy*, the Court is not bound to follow it; doing so would be especially problematic here, as it appears to conflict with controlling Tenth Circuit precedent.

Accordingly, Petitioner's objection that the Magistrate Judge misconstrued the applicable legal standard is overruled.

**B.      WHETHER PETITIONER OFFERED EVIDENCE ENTITLING HIM TO RELIEF**

Petitioner next asserts that he "offered evidence[,]" which "warrant[s] relief in the form of an evidentiary hearing." (Doc. # 30 at 6-7.) More specifically, he argues that: (1) his "due process challenge in Mexico caused the instant attempt to end-run around the Mexican law" (*id.* at 7 (capitalization partially deleted)); (2) the IRS "knowing[ly] reli[ed] on false statements by SAT" (*id.* at 6); and (3) the "artfully crafted declarations" submitted by the IRS demonstrate its bad faith (*id.* at 12). For the following reasons, the Court disagrees.

### 1. Legal Challenge in Mexico

Pursuant to the Agreement Between the United States of America and the United Mexican States for the Exchange of Information with Respect to Taxes ("TIEA"), the IRS can "use its summons power to retrieve documents that are central to the Mexican government's request as if the IRS was requesting the documents for its own investigation." *Barquero v. United States*, No. MISC. B-92-13, 1993 WL 328030, at *3 (S.D. Tex. June 15, 1993) (unpublished), *aff'd*, 18 F.3d at 1319.  Petitioner asserts, and the Government does not dispute, that the TIEA requires a request from SAT to be for "information that is obtainable under the laws of Mexico."  (Doc. # 11 at 2-3.)  However, Petitioner further asserts that, here, "SAT was barred from seeking this information [contained in the IRS' summons] in Mexico . . . ."  (Doc. # 30 at 2.)

Petitioner raised this same argument before the Magistrate Judge, who rejected it.  (Doc. # 29 at 12.)  The Magistrate Judge reasoned that, because the evidence relied on by Petitioner was received by the IRS after it issued the administrative summons to American National Bank, such evidence was not relevant to demonstrating the IRS' "compliance with the *Powell* factors" at the time it issued the summons.  (*Id.* at 12-13 (citing by reference *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) ("The validity of [an IRS] summons is tested as of the date of issuance.")).)  The Magistrate Judge also observed that Petitioner's purported evidence did not amount to more than conclusions and allegations.  (Doc. # 29 at 14.)  The Court reaches the same conclusion and adopts, with limited expansion, the Magistrate Judge's reasoning.

Petitioner's "evidence," as relayed in his objections, consists primarily of several conclusory statements and allegations, including:

- "SAT decided to escape the law in its own jurisdiction and export its harassment of Petitioner to the United States."
- "SAT no doubt hopes that the pressure of international relations will mask the facts and relevant legal standards to result in enforcement of the summons notwithstanding its deficiencies."
- "The reality is that SAT seeks information that it was blocked from getting under Mexican law because of Petitioner's successful challenge to SAT's actions in Mexico."
- "Because the IRS knew or should have known that SAT was seeking information that it had been blocked from seeking under Mexican law, the request was deficient at its inception."

(Doc. # 30 at 7-8.)  These assertions are insufficient.  *See Balanced Fin. Mgmt.*, 769 F.2d at 1444 ("Legal conclusions or mere memoranda of law will not suffice.  Allegations supporting a 'bad faith' defense are insufficient if conclusionary." (quotation marks, citations, and lacuna omitted)).

Further, Petitioner's declaration also does not avail him.  It asserts:

In January 2011, the Mexican tax authority seized an account owned by me at a bank in Mexico.  The Mexican tax authority did not provide me with the required notice of its action to seize my bank account.

[. . .]

> In a Mexican court of appropriate jurisdiction, I challenged the seizure of my back account as improper and in violation of due process. As a result of my challenge, on March 11, 2011, the Mexican tax authority was forced to nullify the seizure of my back account.
>
> [. . .]
>
> Upon information and belief, during the pendency of my challenge, the Mexican tax authority will not be able to institute any formal action against me or institute a formal audit of my tax liability. Additionally, the Mexican tax authority can not take further action against any of my bank accounts in Mexico without the permission of the Mexican Court.

(Doc. # 11-1.)  Petitioner did not substantiate the position he held "[u]pon information and belief" with a declaration from his counsel in Mexico or a letter or order from SAT or the relevant Mexican Court.[2] However, the Government presented credible evidence indicating that the investigation of Petitioner's tax liabilities had "not been barred or suspended by any decree of a Mexican court" and was "neither suspended in whole or in part." (*See* Doc. # 13-3.)  As such, the Magistrate Judge's conclusion was correct.

        2.      <u>Whether the IRS Knowingly Relied on False Statements by SAT</u>

Petitioner next asserts that the IRS knowingly relied on false statements by SAT that Petitioner was "associated with" or "linked to" an entity called Rambas Marketing Company LLC ("Rambas")[3] – which he allegedly used to falsely obtain value added tax refunds and to evade personal and corporate tax liabilities – when, in reality, the IRS

---

[2] The translated March 11, 2011 letter from the "Administrator of Strategic Auditing" appears to confirm only that "the Central Strategic Auditing Administration decided to nullify [Petitioner's bank account] seizure." (*See* Doc. # 11-2.)  It does not address any supposed hold on the SAT's ability to continue to investigate Petitioner's tax liability. (*See id.*)

[3] Rambas is apparently a subsidiary of the popular Las Vegas-based gambling company Wynn Resorts Limited.

"knew that Petitioner's only 'association' with Rambas was as a patron." (Doc. # 30 at 9-10.) However, Petitioner provides no evidence supporting the latter statement. To the contrary, the Government asserts that "the precise nature of the Petitioner's relationship with Rambas was not clearly set out in the SAT's Request of March 4, 2011." (Doc. # 31 at 10.) Indeed, the declarations of Douglas W. O'Donnell, an IRS director (Doc. # 13-2), and Raul Pertierra, an IRS representative (Doc. # 13-3), submitted by the Government in support of its Motion for Summary Judgment (Doc. # 13), are consistent with such an assertion.

       3.     <u>Whether the IRS' Declarations Indicate Bad Faith</u>

Regarding these declarations, Petitioner also asserts that, despite how SAT may have described his association with Rambas, "the story the IRS is now telling is utterly illogical and does not provide a good faith basis to support the summons." (Doc. # 30 at 9-10.) His position appears to be that (1) the IRS believed that SAT was investigating Petitioner's use of gambling winnings to pay off gambling debts and (2) such a transaction "is a wash with no tax consequences." (*Id.* at 10.) But the Court agrees with the Government that Petitioner's position "presumes that the evidentiary record reflects offsetting flows of funds into and out of [the bank account at issue]." (Doc. # 31 at 12.) Petitioner has not factually supported and, indeed, the record does not reflect, his premise of offsetting flows. The Government stated at the October 11, 2011 motion hearing: "you will not find in any of the U.S. papers that have been filed an allegation that 400 [thousand dollars] went in and 400 [thousand dollars] went out. We have no

idea what went out, we just know that there were transfers made to Rambas." (Doc. # 32 at 28.) Petitioner's objection in no way refutes the Government's statement.[4]

Accordingly, the Court concludes that the Magistrate Judge applied the correct legal standard, and Petitioner has not factually refuted the Government's showing of good faith. As such, the Court agrees with the Magistrate Judge's determination that Petitioner is not entitled to an evidentiary hearing. Thus, not having met the standard for an evidentiary hearing, Petitioner necessarily has failed to show that the summons should not be enforced.

## II. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. The Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 29) issued November 28, 2011, is AFFIRMED and ADOPTED as an Order of this Court;

2. The objections Petitioner raised (Doc. # 30) are OVERRULED;

3. Pursuant to the Recommendation, the Government's Motion for Summary Judgment with Respect to Petition to Quash a Summons Served on American National Bank and Motion for Enforcement of IRS Summons (Doc. # 13) is GRANTED, and the summons is hereby ORDERED ENFORCED; and

---

[4] Similarly, Petitioner's assertion that Pertierra's supplemental declaration (Doc. # 17-1 at 9-11) incorrectly states that documents the IRS received from Wynn Las Vegas contained "tax reporting forms evidencing gambling winnings of the Petitioner" is unavailing. Petitioner argues that "[a]ny inference which could be, or which the IRS hoped would be, drawn based on Mr. Pertierra's false memory is inappropriate." (Doc. # 30 at 12.) Petitioner's insinuation of wrongdoing by the IRS is simple innuendo that does not satisfy his burden under *Balanced Financial Management*, 769 F.2d at 1444.

11

4. This case is DISMISSED.

DATED: March  23 , 2012

BY THE COURT:

*(signed)* Christine M Arguello
_____
CHRISTINE M. ARGUELLO
United States District Judge